## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| **RICHARD LESTIENNE,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | **CAUSE NO. 5:10CV-200-R** |
| ) | |
| **JAMES LAYNE, Individually,** ) | |
| **VINCENT BROWN, Individually,** ) | |
| **JACK ROWLANDS, Individually,** ) | |
| **MILTON PERRY, Individually and in his** ) | |
| **official capacity as Chief of the Oak Grove Police** ) | |
| **and the CITY OF OAK GROVE,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

---

### SEPARATE ANSWER OF DEFENDANT, JAMES LAYNE
---

Comes the Defendant, James Layne (hereinafter "Layne"), and for his separate Answer, states as follows:

1. This Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 1 of Plaintiff's Complaint and therefore, denies the same.

2. Answering Paragraph 2 of Plaintiff's Complaint, this Defendant admits that on December 12, 2009, James Layne was employed as a police officer by the police department of the City of Oak Grove. With regard to all other allegations contained in Paragraph 1of Plaintiff's Complaint, this Defendant is without sufficient information and knowledge to either admit or deny the allegations and, therefore, denies same.

3. Answering Paragraphs 3, 4, 5 and 6 of Plaintiff's Complaint, this Defendant is without sufficient information and knowledge to either admit or deny the

allegations contained therein and therefore, denies same.

4. This Defendant denies the allegations contained in Paragraphs 7 and 8 of Plaintiff's Complaint.

5. This Defendant denies the allegations contained in Paragraphs 9, 10, 11, 12, 14, 15, 16, 18, 19, 20, 21, 22, 24, 25, 26, 28, and 29 of Plaintiff's Complaint.

6. Answering Paragraph 13, 17, 23 and 27 of Plaintiff's Complaint, this Defendant denies every allegation not specifically admitted herein.

### FIRST DEFENSE

This Defendant asserts that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any averment contained in Plaintiff's Complaint which this Defendant has not specifically admitted, is hereby denied.

### THIRD DEFENSE

This Defendant asserts any and all applicable Statutes of Limitations that may apply to this action.

### FOURTH DEFENSE

This Defendant pleads statutory, constitutional, and common law, sovereign and municipal immunity in complete bar to any recovery by Plaintiff herein.

### FIFTH DEFENSE

This Defendant asserts that Plaintiff's damages complained of, if any, were the result of concurrent, intervening, or superseding causation not attributable to this Defendant.

**SIXTH DEFENSE**

This Defendant pleads waiver, estoppel and failure to exhaust administrative remedies as an affirmative defense.

**SEVENTH DEFENSE**

This Defendant states that at all times complained of, this Defendant acted with justification and in good faith, with probable cause, and in conformity all applicable standards, laws and regulations pertaining to his conduct and with an objectively reasonable belief that his actions were lawful.

**EIGHTH DEFENSE**

If this Defendant was acting in his official capacity in the course and scope of his employment, as alleged, he was acting under privilege to engage in such conduct.

**NINTH DEFENSE**

This Defendant is protected by total or qualified immunity, therefore he is entitled to official immunity for any acts or omissions complained of in Plaintiff's Complaint.

**TENTH DEFENSE**

In the event that jurisdiction of the subject matter and over this answering Defendant is found, and in the event any fault may be found against this answering Defendant, then this Defendant pleads and relies upon the doctrine of comparative negligence between all parties to this action and as to any parties that may be added to this action, and those parties or estates that who may be found at fault and are not parties to this action in mitigation of Plaintiff's claim and damages in the event of recovery by Plaintiff.

**ELEVENTH DEFENSE**

The Plaintiff's Complaint is barred by the provisions of KRS 65.200, et seq.

**TWELVETH DEFENSE**

To the extent Plaintiff's Complaint seeks punitive or exemplary damages, it violates this Defendant's right to due process, to protection against excessive fines, and to substantive due process as provided by the United States Constitution and the Bill of Rights of the Constitution of the Commonwealth of Kentucky and, therefore, fails to state a claim or cause of action upon which punitive or exemplary damages can be awarded against this Defendant.

**THIRTEENTH DEFENSE**

This Defendant pleads the provisions of KRS 411.184 as a bar to the imposition of punitive damages.

WHEREFORE, Defendant, James Layne, Individually, having fully answered, do pray and demand Plaintiff's Complaint be dismissed with prejudice; for trial by jury; for their costs and reasonable attorney's fees incurred herein; and for all other relief to which he may appear entitled.

On this the 2nd day of February, 2011.

        FRANKLIN, GORDON & HOBGOOD
        P.O. Box 547
        Madisonville, KY  42431-0547
        (270) 821-7252


        By  */s/ Randall L. Hardesty*
          Randall L. Hardesty
          Attorneys for Defendant, James Layne

**CERTIFICATE OF SERVICE**

This is to certify that on this the 2nd day of February, 2011, I electronically filed the foregoing Separate Answer of Defendant James Layne with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Hon. Kenneth R. Haggard
kenslaw@ccol.net
*Attorney for Plaintiff,*
*Richard Lestienne*

Hon. H. Randall Redding
rredding@kdblaw.com
*Attorneys for Vincent Brown, Jack*
*Rowlands, Milton Perry and City of*
*Oak Grove*

 */s/ Randall L. Hardesty*
Randall L. Hardesty
rhardlaw@bellsouth.net