**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:10CV-200-R**

RICHARD LESTIENNE                                                     PLAINTIFF

V.

JAMES LAYNE, *et al.*                                             DEFENDANTS

**SCHEDULING ORDER**

A telephonic scheduling conference was held on March 10, 2011.

APPEARING BY PHONE:
For the Plaintiff:         Kenneth R. Haggard
For the Defendant:     Randall L. Hardesty
                                 H. Randall Redding

**IT IS ORDERED:**

(1) Disclosures pursuant to Fed.R.Civ.P. 26 (a)(1) shall be completed by **March 30, 2011.**

(2) No later than **June 1, 2011** plaintiff shall file all motions to amend pleadings. No later than **July 1, 2011** defendants shall file all motions to amend pleadings.

(3) Identify **liability experts** in compliance with Fed.R.Civ.P.26(a)(2):
        By plaintiff(s):       **August 30, 2011**
        By defendant(s):    **October 31, 2011**
   Identify **medical and damages experts** in compliance with Fed.R.Civ.P.26(a)(2):
        By plaintiff(s):       **June 30, 2011**
        By defendant(s):    **October 31, 2011**

(4) No later than **December 30, 2011** the parties shall complete all discovery. No discovery motion may be filed without having a joint telephonic conference with the Judge arranged through his office (270-415-6430).

(5) No later than **December 20, 2011** counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579(1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).* The party filing the last pleading in response to such motions shall notify the Court by letter to his Paducah Chambers, with copies to opposing counsel, that the motions are ripe for decision.

(6)  The action is scheduled for a **telephonic final pretrial conference on April 6, 2012 at 9:30 a.m.** The conference will be held telephonically, with the Court placing the call to counsel. Attorneys who will be trying the case shall be available with full settlement authority.

(7)  At least 14 days before said conference counsel shall:
   a)   File a list of exhibits intended to be used at trial.
   b)   Produce for inspection of opposing counsel, marked for identification, all exhibits and charts which will be used at trial.
   c)   Comply with Fed. R. Civ. Proc. 26(a)(3) as to witnesses and exhibits.
   d)   File any motions in limine **(any responses to motions in limine shall be filed within 7 days)**.
   e)   File a pretrial brief containing a succinct statement of the facts of the case, the questions of facts and questions of law with citations.
   f)   Submit agreed proposed jury instructions. If the parties cannot agree, counsel shall submit proposed instructions with supporting authority.
   g)   Submit proposed jury voir dire questions. **The Court shall conduct voir dire**.
   h)   Designate portions of depositions to be used at trial. Opposing counsel shall have 5 days thereafter to make additional designations.

In the absence of good cause shown, no witness shall be permitted to testify and no exhibit or testimony shall be admitted into evidence, except upon compliance with the conditions of this order.

Any exhibit or chart so submitted and marked for filing at trial shall be admitted into evidence if otherwise competent, unless written objections are filed at or before the pretrial conference.

(8)  The action is assigned for trial by jury on the **23rd** day of **April, 2012**, at **9:00 a.m.** Counsel shall appear in chambers at 8:30 a.m.

(9)  At the commencement of trial, counsel shall furnish to the official court reporter a list of pre-marked exhibits intended for use at the trial.

cc:   Counsel

P|15