UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-200

**RICHARD LESTIENNE**                                                                                          **PLAINTIFF**

**VS.**

**JAMES LAYNE, individually;**
**VINCENT BROWN, individually;**
**JACK ROWLANDS, individually;**
**MILTON PERRY, individually and in his**
**Official Capacity as Chief of the Oak Grove Police.**
**And the CITY OF OAK GROVE**                                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Renewed Motion to Compel (DN 34). Defendants have responded (DN 36). The Court has completed an *in camera* review of the materials that are the subject of this motion to compel. This matter is now ripe for adjudication. For the foregoing reasons, Plaintiff's motion is GRANTED IN PART.

## BACKGROUND

On December 12, 2009, Plaintiff Richard Lestienne was arrested for terroristic threatening, disorderly conduct, resisting arrest and alcohol intoxication by Defendant Layne, a police officer in the police department of Oak Grove, Kentucky. Plaintiff alleges that at the time of arrest, Defendant Layne "set his police dog upon Lestienne" and the dog attacked and bit his arm, causing permanent nerve damage to his arm. In addition to filing suit against Defendant Layne, Plaintiff asserted claims against other police officers in the police department of Oak Grove, Vincent Brown and Jack Rowlands; the Chief of Police in the police department of Oak Grove, Milton Perry; and the City of Oak Grove. Plaintiff alleges assault and malicious

prosecution by Defendant Layne.  Plaintiff further alleges violations of his Constitutional rights by Defendants Layne, Perry, Oak Grove, Brown, and Rowlands.

## STANDARD

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).  Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. Pro. 37(a)(1).  In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.*  Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34.  Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv).

## DISCUSSION

**1.  Signed Discovery Responses**

In his motion to compel, Plaintiff seeks to receive a signed copy of Defendants' responses to Plaintiff's discovery requests.  Defendants served a signed copy of these responses to counsel for Plaintiff on August 18, 2011.  Accordingly, this issue is moot.

**2.  Perry's Personnel File**

Plaintiff also seeks an order to compel Defendants to produce the personnel file of Defendant Milton Perry.  Defendant Perry has objected to the production of his personnel file on the grounds that such a production would constitute an invasion of his personal privacy, pursuant to KRS § 61.878(1)(a), an exception under the Kentucky Open Records Act.  However, Plaintiff's request for the personnel file did not come through the Open Records Act, but through the channels of discovery in the present litigation.  The exceptions of KRS § 61.878(1) are only

applicable to requests for records made through the Open Records Act.  Therefore, the exception under KRS § 61.878(1)(a) relied upon by Defendants is not germane to Plaintiff's motion to compel.

Defendants further object that such information is not relevant and will not lead to any discoverable matter in this case.  Discovery requests are not limitless.  "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'"  *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)).  "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. Pro. 26(b)(1).  Relevant information does not need to be admissible so long as the "discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

In his complaint, Plaintiff alleges that Defendant Perry "failed to provide defendant officers with proper training and supervision," was "negligent in the selection, appointment, supervision, and retention of defendant officers," and acquiescing in officer misconduct which constituted a "willful, intentional, callous, and reckless indifference to the civil rights of plaintiff Lestienne."  Complaint, DN 1, at ¶¶ 18-22.  The Court performed an *in camera* review of Defendant Perry's personnel file to determine the relevancy of its contents to Plaintiff's claims.

After reviewing the file, the Court finds that the file does contain information and documents which may be relevant to Plaintiff's claims against Defendants.  In any event, the Court finds these documents are discoverable:

   (1)   Employee Performance Evaluation – July 1, 2004

(2) July 2002 Employee Performance Evaluation

(3) December 28, 2001 Employee Performance Evaluation

(4) Performance Objectives Presented to and Reviewed with Employee on January 24, 2001

(5) Recommendations as a result of meeting with Mayor Jean Leavell and Mr. Keith Lampkin on February 21, 2001 and Loss Prevention Survey conducted on February 20, 2002

(6) Memorandum dated March 29, 2001 Re: Dispatchers

(7) Memorandum to All Police Department Employees Dated May 14, 1999 Re: Who Is In Charge

(8) Interoffice Memorandum From Mayor Bobby Mace to Chief Milton Perry dated November 14, 1995 Re: Daily Meetings with Mayor Mace

(9) Letter from Mayor Jean Leavell to Perry dated June 28, 1999 Re: Duty Time

(10) Memorandum dated October 27, 2000 From Keith Lampkin Re: Calling in for Sick Days

(11) Memorandum dated October 25, 2000 from Keith Lampkin Re: Chief Milton Perry

(12) All Disciplinary Warnings

(13) All Memorandum from Defendant Perry regarding annual leave dates

(14) Memorandum from Mayor Bobby Mace to Perry dated July 25, 1995 Re: Discipline Action Discussed

(15) Letter to Milton Perry from Mayor Dan Potter dated March 28, 2011 Re: Termination of Employment

(16) Letter from Evelyn McDaniel dated 3-21-11 regarding Encounter with Denise Perry

(17) Letter from Mayor to Chief Milton Perry dated February 4, 2011

(18) Employee Attendance Record for December 1996.

Accordingly, Defendants shall provide a copy of the foregoing listed documents in Defendant Perry's personnel file to Plaintiff within fourteen (14) days of the filing of this Order.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel is GRANTED IN PART.